**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GEORGE L. MILLER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-243-CFC |
| | ) | |
| ANDERSON MEDIA CORPORATION, | ) | |
| ANCONNECT, LLC, and | ) | |
| ANDERSON MANAGEMENT | ) | |
| SERVICES, Inc. | ) | |
| | ) | |
| Appellees. | ) | |

**ORDER GOVERNING MEDIATION**
**VIDEO CONFERENCES AND MEDIATION STATEMENTS**

**THIS ORDER CONTAINS IMPORTANT INFORMATION WHICH SHOULD BE READ BY COUNSEL PRIOR TO PREPARATION OF A MEDIATION STATEMENT.**

At Wilmington this **7th day of May 2024**.

**MEDIATION CONFERENCE**

1.    A mediation videoconference is scheduled with Appellant and Appellees for **Monday, June 24, 2024,** beginning at **10:00 a.m.**

**TIMING OF ARRIVAL AND DEPARTURE FROM MEDIATION**

2.    Unless otherwise notified by the Court, the mediation conference will begin at 10:00 a.m. and parties should expect it will last until 5:00 p.m.  Thus, required participants attending the mediation should not make prior commitments that would require them to leave the video conference prior to 5:00 p.m. (unless the Court has previously indicated that it will excuse those persons from the mediation early).  To the extent that the mediation ends prior to 5:00 p.m. because no further progress can be made, or because the parties reach agreement on settlement, required participants will be excused by the Court at that time and may then leave the video

conference.  If a mediation is still ongoing at 5:00 p.m., Judge Burke will then talk with the parties to determine whether there is joint interest in extending the mediation.  If any party has questions about these timing requirements, they should contact Judge Burke's Chambers by phone in advance of the mediation to address those questions.

## REQUIRED PARTICIPANTS

3.      Each party must be represented at the mediation conference by at least one of each of the following types of required participants, each of whom should be very familiar with the case:  (a) Delaware counsel; (b) outside counsel (if the case is not being litigated exclusively by Delaware counsel); and (c) a party representative who has full authority to act on behalf of that party.

A representative with "full authority" is someone who, if persuaded during mediation that their side should offer or accept a certain amount of money to settle the case, has the ability, on the spot, to authorize the offer or acceptance of such a payment—even if prior to the start of the mediation that representative's party had not expected to offer or accept a payment of that size.  A representative with "full authority" is also someone who has knowledge of the dispute and has knowledge of the business objectives and operations of the representative's company (if applicable), so that the representative can generate and consider solutions in real time during the mediation.  If any party has any questions as to whether they are able to bring a representative with settlement authority to the mediation, they should contact Judge Burke's Chambers by phone in advance of the mediation to address those questions.

Attendance at the mediation video conference by the required participants described above is required unless otherwise authorized by the Court.  Any request to modify this attendance

requirement shall be made in writing to the Magistrate Judge, with a copy to all counsel or *pro se*

parties, no later than **fourteen (14) days before** the mediation conference.

## CONTACT INFORMATION FOR REQUIRED PARTICIPANTS

4(a).   **No later than the date on which mediation statements are due** (*see* ¶ 5 below),

counsel shall provide to the Court in a writing separate from the mediation statement, for each

attorney who will be attending the mediation conference:  (i) a direct dial work telephone

number, (ii) a cellular telephone number, and (iii) an e-mail address where the

attorney can be regularly reached.  Unrepresented parties shall provide at least one of these three

forms of contact information.

4(b). **No later than the date on which mediation statements are due** (*see* ¶ 5 below),

counsel shall submit a list of all participants, including attorney and non-attorney

representatives who will be attending mediation on behalf of their party, to the opposing party

or parties.  If a party has concerns regarding the disclosed attendees for the opposing party, they

should raise those concerns promptly with counsel for the opposing party and with the Court.

## CONFIDENTIAL MEDIATION STATEMENTS

5.      On or before **June 17, 2024**, an original copy, one hard copy, and an electronic

copy of a confidential mediation statement containing all of the information required by ¶ 7 shall

be submitted *only* to the Magistrate Judge.  The mediation statements shall be delivered to the

Clerk's Office in an envelope addressed to U. S. Magistrate Judge Christopher J. Burke and

marked "CONFIDENTIAL MEDIATION STATEMENT."  The electronic copy should be

placed on a CD or a USB drive and included with the hard copies. The statements shall not be

exchanged among the parties or counsel (unless the parties jointly agree to do so), shall not be

provided to the trial judge, and shall not become part of the record in this matter.  Mediation

statements shall not be electronically filed since they are not part of the Court record.

6.      The mediation statements may be in memorandum or letter form.  They must be

double-spaced, in no less than a 12-point font, and be no longer than **ten (10) pages**.

7.      The mediation statements must contain each of the following headings and must

contain a discussion of each of the topics described below:

a)      **<u>"The Parties"</u>**:  Provide a description of who the parties are, their

relationship, if any, to each other, and by whom each party is represented, including the identity

of all individuals who will be participating on behalf of a party during the mediation conference.

b)      **<u>"Factual and Legal Background"</u>**:  Provide a brief factual background,

clearly indicating which material facts are or are not in dispute, and a brief summary of the

relevant law, including applicable statutes, cases and standards.  Explain your side's position as

to the key factual and legal issues in the case.  It is helpful to the Court, particularly with regard

to complex litigation in which a large number of legal issues are pending and unresolved, if

counsel for all sides can communicate with each other in advance of filing the mediation

statement, in order to attempt to ensure that all of parties will address the same key legal issues

in their respective statements.[1]

---

[1]      In patent cases, the parties need not provide a summary of applicable law as to issue areas
that are common to most such cases (e.g., the legal requirements for direct and indirect patent
infringement or for demonstrating patent invalidity).  However, to the extent that the case involves
legal issues that do not commonly arise in every patent litigation, a summary of applicable law as
to those issues would be helpful.

      c)      **<u>"Honest Discussion of Strengths and Weaknesses"</u>**:  Provide an honest discussion of the strengths and weaknesses of the party's claims and/or defenses.  This section should include description of *both* strengths and weaknesses— not just the former.

      d)      **<u>"Settlement Efforts"</u>**:  Provide a brief description of prior settlement negotiations and discussions, including the most recent offers or demands exchanged between the parties, the reasons for rejection, and the party's assessment as to why settlement has not been reached.

      e)      **<u>"Settlement Proposal"</u>**:  Describe the party's proposed framework for a resolution (i.e., describe what the material components of a settlement agreement are from the party's perspective and provide a proposal as to what the content of each of those components should be).  Identify any interests or issues not directly involved in this matter that may frustrate or further settlement.  If the party has any suggestions as to how the Court may be helpful in reaching a resolution, such suggestions should also be described.

      f)      **<u>"Fees and Costs"</u>**:  List separately each of the following:  (i) attorneys' fees and costs incurred to date; (ii) other fees and costs incurred to date; (iii) good faith estimate of additional attorneys' fees and costs to be incurred if this matter is not settled; and (iv) good faith estimate of additional other fees and costs to be incurred if this matter is not settled.

      In addition to the required topics described above, and provided that the mediation statement complies with the page limit stated above, counsel are encouraged to address any other matter they believe may be of assistance to the Court.

      8.      Pertinent documents may be submitted as exhibits to the mediation statement. Counsel are requested to limit such exhibits to those that are most directly relevant to

the mediation, and to try to limit the total number of pages of exhibits to a manageable number.[2]

## CONFIDENTIALITY

9.      The contents of the mediation statements and the mediation conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation nor any other litigation (whether presently pending or filed in the future), and shall not be construed as nor constitute an admission.  Breach of this provision shall subject the violator to sanctions.

## EX PARTE CONTACTS

10.     Before, during, and after the scheduled mediation conference, the Court may find it necessary and useful to communicate with one or more parties outside the presence of the other party or parties.

## OBLIGATION OF GOOD FAITH PARTICIPATION

11.     The required participants shall be available and accessible throughout the mediation process.  The Court expects the parties' full and good faith cooperation with the mediation process.  In particular, the Court expects both the lawyers and the party representatives to be fully prepared to participate.  The Court encourages all participants to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

## AVOIDANCE OF SANCTIONS

12.     All counsel are reminded of their obligations to read and comply with this Order. Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order.

---

[2]      In a patent case, the Plaintiff(s) should include the patent(s)-in-suit as an exhibit/exhibits to their mediation statement.

To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.


*Christopher J. Burke*
UNITED STATES MAGISTRATE JUDGE